UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL B. HOFLAND,<br>             Plaintiff<br>v.<br>RICHARD LaHAYE, et al.,<br>             Defendants | )<br>)<br>)<br>) Civil No. 9-172-B-W<br>)<br>) |
| RANDALL B. HOFLAND,<br>             Plaintiff<br>v.<br>R. THOMPSON, et al.,<br>             Defendants. | )<br>)<br>)<br>) Civil No. 9-174-B-W<br>)<br>) |
| RANDALL B. HOFLAND,<br>             Plaintiff<br>v.<br>GOVERNOR, ME, et al.,<br>             Defendants | )<br>)<br>)<br>) Civil No. 9-162-B-W<br>)<br>) |
| RANDALL B. HOFLAND,<br>             Plaintiff<br>v.<br>GLENN ROSS, et al.,<br>             Defendants. | )<br>)<br>)<br>) Civil No. 9-173-B-W<br>)<br>) |

**Order on Writ of Attachment (in Civil Action No. 9-172-B-W)**
**And Procedural Order on All Pending Cases**
**(Civ. Action Nos. 9-162-B-W, 9-172-B-W, 9-173-B-W and 9-174-B-W)**

Randall B. Hofland, an inmate at the Two Bridges Jail in Wiscasset, Maine, has filed a complaint against Richard LaHaye, the Chief of Police in Searsport, Maine, the Town of Searsport and the Searsport Police Department claiming his personal property was unlawfully seized by police officers of that department. Hofland also seeks an Ex Parte Writ of Attachment, asking this court to issue an order of attachment against personal property that he claims is his that is currently in the possession of law

1

enforcement officers.  Hofland explains in his filings that he is in the process of obtaining a "Special Replevin" from the Waldo County Superior Court wherein he seeks to have that court take similar action regarding the same property.  Although he filed that complaint on April 4, 2009,  Hofland reports he has not yet received a response and suspects that the state court will not grant his requested relief, thus the reason for a parallel proceeding in this court.  I now deny Hofland's ex parte request because he has failed to make an adequate showing under Maine Rule of Civil Procedure 4A.

When considering an application for a writ of attachment, a federal court should consider "the law of the state in which the district court is held," unless federal or constitutional law dictates otherwise.  Fed. R. Civ. P. 64.  Pursuant to the Maine Rules of Civil Procedure, an order attaching a defendant's property "may be entered only after notice to the defendant and hearing and upon a finding by the court that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment."  Me. R. Civ. P. 4A(c).  Motions for attachment must be supported by affidavit evidence that "shall set forth specific facts sufficient to warrant the required findings."  Me. R. Civ. P. 4A(i).

Hofland has shown virtually no likelihood that he will recover judgment in this court against the defendants he has named in this complaint.  Although he claims his action is brought pursuant to "18 U.S.C.A chapter 13 and 96, plus 42 U.S.C.A. chapter 21" it appears unlikely to me that he has stated a claim under the United States Constitution or any federal statute.  Hofland is hereby placed on notice that if he intends to proceed with this case it is highly likely that this complaint will be susceptible to dismissal because at best he seems to be describing the random and unauthorized 'theft'

of his personal property by law enforcement officers. By his own admission there is state court process available to him to seek redress for this grievance. See Hudson v. Palmer, 468 U.S. 517 (1984) ; Parratt v. Taylor, 451 U.S. 527 (1981); Mard v. Town of Amherst, 350 F.3d 184, 193 (1st Cir. 2003)("Under the so-called Parratt/Hudson doctrine, due process is not violated where the deprivation is caused by the random and unauthorized conduct of state officials and where the state provides adequate post-termination procedures.").

Hofland's filing in this case is not his only foray into federal litigation. In the last ten days Hofland has filed three other lawsuits in this court, beginning on April 24, 2009, with Hofland v. Governor, State of Maine, et als., Civ. No. 09-162-B-W, and including, in addition to the current matter, two other civil cases, Hofland v. Ross & Storey, Civ. No. 09-173-B-W, and Hofland v. Thompson & Two Bridges Regional Jail, Civ. No. 09-174-B-W, the final case being a First Amendment claim grounded upon Hofland's belief that his rights are being denied because he is unable to watch the news programming of his choice on the jail's television. I am now placing Hofland on notice that repeated filings could result in the imposition of filing restrictions under Cok v. Family Court of Rhode Island, 985 F.2d 32, 35 (1st Cir. 1993). By this I mean that if Hofland persists in filing motions such as this ex parte request for attachment or other frivolous filings that have no legal basis, the Court may order that he can file no pleading without first obtaining written approval from a judge. The clerk is directed to enter this procedural order in all four of the currently pending cases filed by Hofland.

*So Ordered.*

May 6, 2009                              /s/ Margaret J. Kravchuk
                                         U.S. Magistrate Judge

3