UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL B. HOFLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV-09-172-B-W |
| ) | |
| RICHARD LaHAYE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON APPEAL OF THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND MOTION TO COMPEL**

Before the Court is Randall Hofland's appeal of the Magistrate Judge's Order denying his Motion to Amend and Motion to Compel. The Court affirms the Magistrate Judge's Order, since it is neither clearly erroneous nor contrary to law.

**I.      PROCEDURAL BACKGROUND**

On May 4, 2009, Randall Hofland filed a complaint against Richard LaHaye, the Searsport Police, and the Town of Searsport for "the series of acts by Searsport Police from 2004 until 2009, including specifically their trespasses, their threats, their terrorizing, their thefts, and above all, the four year conspiracy designed to commit these crimes." *Compl*. at 8 (Docket # 1). On May 21, 2009, Mr. Hofland filed an amended complaint adding individual members of the Searsport Police, the Searsport Town Manager, and the attorney who, acting as a state of Maine complaint justice, signed a November 19, 2008 search warrant, as additional defendants. *Amend. Compl.* (Docket # 7). In addition, on May 21, 2009, Mr. Hofland moved to stay the proceedings "as the Plaintiff believes the time limits for the State of Maine to prosecute Maine v. Hofland, BELSC-CR-08-333, ha[ve] deliberately been allowed to expire, so Plaintiff may be liberated

within a few weeks to a month, thus Plaintiff may then pursue those matters with full vigor." *Mot. to Stay* at 1 (Docket # 6). The Magistrate Judge initially denied Mr. Hofland's motion to stay (Docket # 9), but on June 4, 2009, granted the motion as it appeared "likely that the allegations in this civil complaint are intertwined with Maine v. Hofland, BELSC-CR-08-333, the state criminal case [Mr. Hofland] cited as the reason for a stay." *Order Reconsidering and Granting Mot. to Stay* at 1 (Docket # 14). The matter was stayed for ninety days, until September 3, 2009. *Id*.

On September 9, 2009, Mr. Hofland filed a second motion to stay. *Second Mot. to Stay* (Docket # 27). The Magistrate Judge granted the motion stating that "the underlying subject matter is so closely related to the ongoing CRIMINAL case in state court. However, this stay applies only to this one case and is in effect for six months until March 9, 2010. The stay means that Hofland is to file no motions or other pleading with this case until and unless he first files a motion to lift the stay and proceed with this litigation." (Docket # 28).

On December 1, 2009, Mr. Hofland filed a motion to lift the stay and proceed with the action. (Docket # 29). On the same day, he filed a motion to amend his complaint, but did not submit a proposed amended complaint with his motion. (Docket # 30). Accordingly, the Magistrate Judge denied Mr. Hofland's motion to amend, and stated that "[i]f [Mr. Hofland] wishes to move to amend his complaint prior to service, he has the right to do so, but before service is authorized, a copy of the PROPOSED amended complaint would have to be submitted to the court." (Docket # 31). On December 8, 2009, Mr. Hofland filed a motion to amend his amended complaint along with a proposed second amended complaint and a memorandum in support of the proposed second amended complaint. *Mot. to Amend Amend. Compl*. (Docket # 33). On this same date, he filed a motion to compel. *Mot. to Compel* (Docket # 34). The

2

Magistrate Judge denied both motions on December 15, 2009 and issued a certificate which stated that "[a]ny objections to this Order shall be filed in accordance with Federal Rule Civil Procedure 72." *Order on Mot. to Compel and Mot. to Amend* at 7 (Docket # 35) (*Order*). On January 11, 2010, Mr. Hofland appealed the Magistrate Judge's Order to this Court. *Appeal of Magistrate Judge Decision* (Docket # 38). The following day, on January 12, 2010, Mr. Hofland filed a Notice of Clarification and moved to supplement his appeal. *Clarification* (Docket # 38).

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) empowers a magistrate judge to "hear and decide" non-dispositive pre-trial matters; to set aside a magistrate judge's order on such matter, the Court must conclude that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A motion to amend a complaint and a motion to compel are "pretrial matter[s] not dispositive of a claim or defense of a party" within the purview of Fed. R. Civ. P. 72(a). *See Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993); *Pew v. Scopino*, 904 F. Supp. 18, 48 (D. Me. 1995).

## III.   DISCUSSION

The Magistrate Judge's denial of Mr. Hofland's motion to amend and motion to compel is neither clearly erroneous nor contrary to law.

### A.  Motion to Amend

In her order, the Magistrate Judge states that Mr. Hofland's motion to amend contains "conclusory allegations" some of which "have already been addressed and dismissed in other lawsuits" or "involve state actors who were engaged in prosecutorial and judicial functions and are clearly immune from liability," and "[is] just plain nonsensical in terms of stating a cause of action against the particular individual." *Order* at 4. The Magistrate Judge denied Mr. Hofland's motion to amend because "[t]he proposed amended complaint, when viewed in its

entirety simply does not state a plausible claim for relief. Hofland has had abundant opportunity to present this court with a proposed amended complaint narrowly tailored and pleading actual factual assertions, not legal conclusions." *Id*. at 7.

The Court, having reviewed Mr. Hofland's amended complaint, concludes that the Magistrate Judge's dismissal of the motion to amend is not clearly erroneous. Mr. Hofland's amended complaint is replete with "the-defendant-unlawfully-harmed-me accusations" and "naked assertion[s]," falling short of the pleading standard for Federal Rule of Civil Procedure 8 articulated by the United States Supreme Court. *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). In addition, government officials performing judicial, legislative or prosecutorial functions are afforded absolute immunity, *Marr v. Me. Dep't of Human Servs.*, 215 F. Supp. 2d 261, 267 (D. Me. 2002), and Mr. Hofland's claims against district attorneys, judges, and police officers are not allowed. Accordingly, the dismissal of Mr. Hofland's motion is not in error.

### B. Motion to Compel

In denying the motion to compel, the Magistrate Judge stated that

> [t]he first four paragraphs of the motion to compel complain about access to law library materials. It has nothing to do with the defendants in this case or the subject of this law suit. The fifth paragraph explains how Hofland does not have copies of the documents he has filed with this court. The sixth paragraph asks this court to return all of the originals filed with this court since September 1, 2009.

*Order* at 3. As the Magistrate Judge explained in her Order, the Court is not legally required to furnish Mr. Hofland with copies of documents he has already filed. Although the Magistrate Judge provided Mr. Hofland with copies of his pleadings in *Hofland v. Ross*, she did so as a "one-time" courtesy. *Hofland v. Ross*, CV-09-173, *Order on Motions* at 2 (Docket # 33) The Magistrate Judge informed Mr. Hofland that this was a "one-time event," instructed him to "make a copy of all pleadings before he sends them to the court," and warned him that he

"should not anticipate that the court will be so indulgent of his requests for copies." *Id.* Given that Mr. Hofland was fully aware of the Court's legal obligations with regard to providing him copies of his pleadings, the Magistrate Judge's decision to deny Mr. Hofland's motion to compel is not in error.

## IV. CONCLUSION

The Court AFFIRMS the Magistrate Judge's Order denying Plaintiff's Motion to Amend and Motion to Compel. (Docket # 35). The Plaintiff's Appeal of the Magistrate Judge Decision (Docket # 38) and his motion to supplement this appeal (Docket # 39) are DENIED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 14th day of January, 2010