UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| RANDALL B. HOFLAND, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) | Civil No. 1:09-cv-00172-JAW |
| RICHARD LAHAYE, et al., | ) ) ) | |
| Defendants | ) | |

# ORDER DENYING MOTION
# TO AMEND and MOTION TO RECUSE MAGISTRATE JUDGE

Randall B. Hofland has filed two motions, the first one seeking the recusal of Chief Judge Woodcock and Magistrate Judge Kravchuk. (Mot. Recusal, Doc. No. 52.) The basis for the motion for recusal is that the "[t]he magistrate judge also made several egregious errors in dismissing the prior Amendment, in particular just plain ignoring case law on 'joint-action.'" (Id. at 2.) The motion for recusal does not list any apparent reason for Chief Judge Woodcock's recusal, but one could infer that the recusal is sought because Chief Judge Woodcock affirmed my previous order denying Hofland's earlier motion to amend his complaint. (Doc. No. 40.)

The statutory provision governing recusal of a magistrate judge is found at 28 U.S.C. § 455 (a) and (b) and provides as follows:

> **a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> **b)** He shall also disqualify himself in the following circumstances:
>
>> **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>> **(2)** Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

> **(3)** Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
> **(4)** He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
> **(5)** He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>> **(i)** Is a party to the proceeding, or an officer, director, or trustee of a party;
>> **(ii)** Is acting as a lawyer in the proceeding;
>> **(iii)** Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>> **(iv)** Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 4455(a),(b).

I have no known basis for mandatory recusal under part (b) and Hofland does not allege that I do. Apparently his motion is grounded on the notion that there is an issue about the appearance of impartiality under subsection (a) because of my "erroneous" rulings. The United States Supreme Court has addressed this very issue:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See United States v. Grinnell Corp., 384 U.S. [563,] 583 [(1966)]. In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved.

Litkey v. United States, 510 U.S. 540, 555 (1994).

I, of course, cannot address that portion of the motion that seeks Chief Judge Woodcock's recusal and I do not presume to do so, but insofar as the motion seeks my recusal from this case, it is denied.

Turning to the motion to amend, Hofland now requests leave to file a third amended complaint in this action. One cannot view this motion to amend in isolation, without considering the other six cases Hofland has filed in this court and the status of those actions.

2

Hofland's six other cases, and their current status, are as follows:

  Hofland v. Governor, Me. et al, 09-cv-162-JAW, filed April 24, 2009, judgment of dismissal entered by the district court summarily affirmed by court of appeals, January 13, 2010

  Hofland v. Glenn Ross et al, 09-cv-173-JAW, filed May 4, 2009, judgment of dismissal entered by the district court summarily affirmed by court of appeals, January 13, 2010

  Hofland v. Thompson et al, 09-cv-174- JAW, filed May 4, 2009, judgment of dismissal entered by the district court on December 17, 2009, appeal remains pending

  Hofland v. Perkins et al, 09-cv-201-JAW, filed May 21, 2009, judgment of dismissal entered by the district court summarily affirmed by court of appeals, January 13, 2010

  Hofland v. Westrum et al, 09-cv-218-JAW, filed May 29, 2009, judgment of dismissal entered by the district court summarily affirmed by court of appeals, January 13, 2010

  Hofland v. Storey, 09-cv-343-cv-343-JAW, filed August 3, 2009, dismissed by district court on October 14, 2009, no certificate of appealability ever issued

This present complaint, although filed at the same time as some of Hofland's other complaints, has taken a different path. Originally Hofland sued Richard LaHaye and the Searsport police and the Town of Searsport as his named defendants. LaHaye was identified as the chief of the Searsport police. The allegations concerned the events of October 23, 2008, when Hofland was stopped at a roadblock by police and subsequently his property was search and seized. Hofland claims that the search and seizure were illegal. On May 21, 2009, Hofland filed an amended complaint naming as additional defendants Jessica Danielson, Steve Saucier, Mike Larrivee, and Eric Bonney, Searsport police officers, the Searsport Town Manager, and Paul Hazard, the complaint justice for the State of Maine who was allegedly the signatory to a search warrant dated November 19, 2008. This amended complaint incorporated the allegations about the October 23 roadblock as well. At the same time Hofland filed a motion to stay this action because of an ongoing criminal case in the Maine state court, Maine v. Hofland, BelSC-cr-08-333. I denied a stay of the action, but Hofland filed a second request to stay this case on

3

September 9, 2009. By that time I had become more familiar with the case and also with the litigation occurring in the other cases. I was also aware that Hofland's case in the state court was not proceeding all that quickly and that most likely these events of October/November 2008 were closely connected to that criminal action. On September 9, 2009, I granted a six-month stay until March 9, 2010. (Doc. No. 28.)

On December 1, 2009, Hofland filed a motion asking that the stay be lifted in order for him to file two separate motions to amend. I granted Hofland's request in part and lifted the stay to amend the complaint in order to insert the name of James Gillway, who had previously only been identified as the Searsport Town Manager. However, I denied a motion to amend seeking to file a "comprehensive amendment of the complaint prior to service of summonses." (Doc. No. 30.) The motion was not accompanied by a proposed amended complaint, but I lifted the stay for the limited purpose of allowing Hofland to file a proposed amended complaint by February 1, 2010. (See Doc. Nos. 31 & 32.) On December 8, 2009, Hofland filed his proposed second amended complaint naming thirty-seven additional defendants, including, but not limited to, such luminaries as Governor Baldacci, two state court judges, the Waldo County District Attorney and two of his assistants, the Commissioner of Public Safety for the State of Maine, a Bangor Daily News reporter, and the State of New Hampshire. (Doc. No. 33.) All these defendants were alleged to have been involved in a vast conspiracy to deprive Hofland of his property. I denied the motion to amend on December 15, 2009, and the district court judge affirmed that denial on January 14, 2010. (Doc. Nos. 35 & 40).

Hofland filed another motion to amend on January 20, 2010, unaccompanied by a proposed amended complaint (Doc. No. 41) which I summarily denied on the same day, but gave Hofland leave to file a proposed third amended complaint, naming no new defendants, but

4

providing additional factual information concerning his original claim against LaHaye (Doc. No. 43). Hofland responded by filing a motion to extend the stay (Doc. No. 44) which I granted until after May 1, 2010 (Doc. No. 45). That stay was further continued, on Hofland's request, until March 22, 2011, in light of what he reported as his ongoing difficulties with the criminal prosecution in state court. (Doc. No. 49.)

All of which brings us to the current motion to amend and proposed third amended complaint filed on November 1, 2010. Hofland explains that the reason for the proposed third amended complaint being filed at this time is that he has a statute of limitations concern, citing Wallace v. Kato, 549 U.S. 384, 391, 393-94 (2007). Attached to Hofland's motion is a proposed third amended complaint which names twenty-six defendants, including seven of the nine current defendants, but omitting Paul Hazard and James Gillway. The third proposed amended complaint is forty pages long and includes some putative defendants, such as George and Susan Perkins, who were previously named in other Hofland lawsuits and were the subject of earlier dismissals. Others of the proposed defendants, such as Walter Griffen, a reporter for the Bangor Daily News, were named in the second proposed amended complaint which was not allowed.

Hofland's opening salvo begins with a "claim" about a "watch list" that arose in 2003 in New Hampshire involving Hofland's wife, Wendy. This is a "new" claim in these Maine federal court proceedings, at least as best I can tell, and there appears to be absolutely no connection to the October/November 2008 events in Searsport, other than being part of the vast conspiracy. These events account for at least three of the "new" defendants, John Cyr, a New Hampshire judge, Paul Hunt, a state police detective, and William Morse, an assistant United States attorney. The "watch list" is a list of persons deemed by federal authorities to be security threats or otherwise persons of interest. Hofland says he was placed on this list resulting in defamation

5

and false light torts being committed against him. The "watch list" had been previously mentioned in the proposed second amended complaint, but at that time the allegations were directed at Maine state officials, not New Hampshire officials, although the state of New Hampshire was a named defendant.

Hofland's second claim in the proposed amended complaint involves George and Susan Perkins. This is not a new allegation at all. George Perkins's name is mentioned in connection with the October/November 2008 search and seizures and part of the allegations in this case concern the Searsport police department or individual officers turning property over to the Perkins family which Hofland claimed was his. For reasons that are unknown to me, Hofland sued the Perkins defendants for theft and conversion in a separate action and that action was dismissed by this court because there was no federal question and there was a lack of complete diversity. Over one year later Hofland now seeks to amend this complaint to revive that action which could have been brought in state court long ago or could have been part of this action when originally filed. It is apparent from the allegations in the proposed third amended complaint that there has been litigation involving Perkins and Hofland in the state courts for some time.

Hofland also again names as a defendant an assistant district attorney, Eric Walker, who is supposedly involved in a conspiracy with at least one state court judge that involves delaying his state civil proceedings against Susan and George Perkins. I am not sure if this is a separate claim or part of the claim against the Perkins family. In any event, in this iteration the state court judges involved with that civil litigation are not named as defendants.

The bulk of the remaining "claims" in the complaint relate to an ongoing conspiracy involving the prosecution of the criminal case in state court. These claims concern judges not

named as defendants, the Attorney General for the State of Maine, a district attorney, at least one defense attorney, and the list goes on. Finally, once more Hofland seeks to sue Walter Griffen over his allegedly incompetent reporting from 2008 continuing through his coverage of a hearing on June 26, 2009, involving witness testimony about the theft of a generator. Apparently this information was not included in the story that Griffen ultimately wrote about Hofland's day in court.

Hofland's complaint continues with allegations about federal officials being involved in this conspiracy, allegedly arising from Hofland's involvement in a Ninth Circuit case called Idaho v. Horiuchi in 2000. Hofland relates these events to the "watch list" and the "dual-mode" enterprise underlying the entire conspiracy. It is unknown which federal officials are implicated by the complaint because the caption merely states "unknown federal officials" and the body of the complaint implicates a number of individuals from John Ashcroft to Barack Obama.

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint should be freely given. Forman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given'"). However, there are certain instances when amendment need not be allowed, such as a situation where the amendment would be futile. See, e.g., Chiang v. Skeirik, 582 F.3d 238, 244 (1st Cir. 2009); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).

In order to proceed with litigation in federal court a plaintiff must plead more than conclusory allegations. Applying the United States Supreme Court's Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937 (2009) to these allegations, I conclude that this motion to amend should be denied

7

because it would be futile to allow it. In Iqbal the Court summarized: "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)). It reiterated, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S., at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

Just as with the proposed second amended complaint, the various "allegations" in the current proposed amended complaint are utterly devoid of meaningful factual content and do nothing to move this complaint any closer to stating a plausible claim for relief. The pending proposed amended complaint, when viewed in its entirety, simply does not state a plausible claim for relief. Hofland has had abundant opportunity to present this court with a proposed amended complaint narrowly tailored and pleading actual plausible factual assertions, not legal conclusions. I now DENY this motion to amend the First Amended Complaint by means of the proposed Third Amended Complaint because to allow the amendment would be futile and the additional defendants would be summarily dismissed pursuant to 28 U.S.C. § 1915A(b), applicable to all prisoner litigation, because the proposed Third Amended Complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted and seeks monetary damages from at least one defendant who is immune from such relief.

CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

***So Ordered.***

November 4, 2010                    /s/ Margaret J. Kravchuk
                                    U.S. Magistrate Judge