UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RANDALL B. HOFLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09-cv-00172-JAW |
| | ) | |
| RICHARD LAHAYE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER STRIKING PLEADING, AFFIRMING RECOMMENDED DECISION AND ENJOINING FILINGS**

On June 21, 2011, the Magistrate Judge filed her Recommended Decision with the Court, recommending dismissal of this lawsuit. *Recommended Decision* (Docket # 76).

**I. RANDALL HOFLAND'S MULTIPLE MOTIONS TO AMEND**

The Court STRIKES Mr. Hofland's latest attempts to restate the allegations in his Complaint. *Supp. 2 with Clarification to Am. Compl. IV* (Docket # 90); *Clarification to Memo.* (Docket # 91).

**A.  Procedural History**

Mr. Hofland filed the original Complaint on May 4, 2009, *Compl.* (Docket # 1), and an Amended Complaint on May 21, 2009. *Am Compl.* (Docket # 7). On December 1, 2009, he moved to amend his Amended Complaint. *Mot. to Am. Am. Compl.* (Docket # 30). The Court denied the motion because Mr. Hofland had not submitted a proposed amended complaint. *Order* (Docket # 31). After Mr. Hofland submitted a proposed amended complaint, the Court denied the motion to amend on

the ground of futility. *Order on Mot. to Compel and Mot. to Am.* (Docket # 35). Mr. Hofland appealed the denial of his motion to amend and on January 14, 2010, the Court denied the appeal. *Order on Appeal of the Magistrate Judge's Order Denying Pl.'s Mot. to Am. and Mot. to Compel* (Docket # 40).

On January 20, 2010, Mr. Hofland quickly filed a third motion to amend his amended complaint, *Mot. for Leave to Am. Action* (Docket # 41), and moved to extend the time to file a proposed second amended complaint. *Mot. to Extend Time* (Docket # 42). The Magistrate Judge denied the motion to amend on the ground that no proposed amended complaint was filed and granted Mr. Hofland until March 9, 2010 to file the amended complaint so long as the proposed complaint added no new defendants and provided additional factual information about his claim against Richard LaHaye. *Order* (Docket # 43). On January 27, 2010, the Magistrate Judge granted Mr. Hofland a stay in this action until May 1, 2010 to allow him to resolve pending criminal proceedings and on July 28, 2010, the Magistrate Judge granted an extension of the stay until March 22, 2011 for the same reason. *Order* (Docket # 45); *Order* (Docket # 49). On November 1, 2010, while the stay was still in effect, Mr. Hofland moved a fourth time to amend his amended complaint. *Mot. to Am.* (Docket # 53). He also moved for recusal of both Magistrate Judge Kravchuk and this Judge because we had denied his earlier motions to amend. *Mot. to Recuse* (Docket # 52). The recusal motions and the motion to amend were denied on November 4, 2010. *Order* (Docket # 55); *Order* (Docket # 56).

Following the denial of his fourth motion to amend, on November 8, 2010, Mr. Hofland moved to extend time within which to file an amended complaint. *Mot. to Extend Time* (Docket # 57). The Magistrate Judge denied the motion. *Order* (Docket # 58). Mr. Hofland then moved to extend the time for filing objections to the denial of his motion to amend, which the Magistrate Judge granted, extending the time to December 1, 2010. *Mot. to Extend Time* (Docket # 59); *Order* (Docket # 60).

On December 1, 2010, Mr. Hofland objected to the Orders on the Motion for Recusal and the Motion to Amend Amended Complaint. (Docket # 61). On December 2, 2010, the Court denied Mr. Hofland's objection to the Magistrate Judge's Order on Recusal and her Order denying the fourth motion to amend. *Order* (Docket # 62). On March 18, 2011, the Magistrate Judge issued a procedural order, noting that Mr. Hofland was to file any amended complaint by May 2, 2011, *Procedural Order* (Docket # 65), and on March 24, 2011, upon Mr. Hofland's motion for further stay, she extended the deadline for filing an amended complaint until May 23, 2011. *Mot. for Stay* (Docket # 68); *Order* (Docket # 69). On April 1, 2011, Mr. Hofland filed another motion to extend time, which the Magistrate Judge denied since the deadline had already been extended to May 23, 2011. *Mot. to Expand Time* (Docket # 71); *Order* (Docket # 72).

On May 23, 2011, Mr. Hofland moved to extend time to file an amended complaint, noting that he was not able to mail the amended complaint until May 23, 2011. *Mot. to Extend Time* (Docket # 73). The Magistrate Judge granted the motion

provided he could establish that the Amended Complaint was deposited in the mail by May 23, 2011. *Order* (Docket # 74). Mr. Hofland complied and his fourth amended complaint was filed with the Court on May 24, 2011. *Am. Compl. IV* (Docket # 75).

On June 21, 2011, the Magistrate Judge performed a 28 U.S.C. § 1915 screening and issued a painstaking twenty-page Recommended Decision in which she scrupulously reviewed each cause of action in the proposed Fourth Amended Complaint to determine whether it contained new allegations that would prevent dismissal. She concluded that none of the allegations in either the Amended Complaint or the proposed Fourth Amended Complaint stated a viable cause of action. *Recommended Decision* (Docket # 76). She recommended that the Court dismiss the entire cause of action and that the Court limit further filings from Mr. Hofland. *Id.* at 19. On June 30, 2011, Mr. Hofland moved to extend time to file objections to the Recommended Decision; the Court extended the time for objections to August 8, 2011. *Mot. to Extend Time* (Docket # 77); *Order* (Docket # 78). On July 29, 2011, Mr. Hofland moved for appointment of counsel and for a stay; both were denied. *Mot. for Appointment of Att'y* (Docket # 79); *Mot. for Stay* (Docket # 80); *Order* (Docket # 81).

Mr. Hofland filed an objection to the Recommended Decision on August 9, 2011. *Objection* (Docket # 82). However, he also moved to extend time to file a memorandum in support of his objection. *Id.* The Court extended the time to September 12, 2011. *Order* (Docket # 84). On September 12, 2011, Mr. Hofland

moved again for a stay, which the Magistrate Judge granted in part, extending the time to October 14, 2011. *Mot. for Stay* (Docket # 85); *Order* (Docket # 86). On September 13, 2011, Mr. Hofland moved to extend time, which was denied since the Court had already granted an extension on his Motion for Stay. *Mot. to Extend Time* (Docket # 87); *Order* (Docket # 88). On October 14, 2011, Mr. Hofland filed an objection to the Recommended Decision and on the same day, he filed a so-called supplement to his Fourth Amended Complaint. *Mem. of Facts and Law* (Docket # 89); *Supplement 2 with Clarification to Am. Compl. IV* (Docket # 90). Finally, on October 21, 2011, he filed a clarification to his objection to the Recommended Decision. *Clarification to Memo.* (Docket # 91).

**B.     Discussion**

As this long and convoluted procedural history reveals, Mr. Hofland has been given opportunity after opportunity to amend his Complaint to provide the factual underpinnings of his multiple grievances. He has failed.

As this is at least his fourth attempt to amend his Complaint, Mr. Hofland knows what the law requires of him: he must file a motion for leave to amend and present a viable proposed complaint. Here, the Magistrate Judge recommended that the Court deny his last motion and he has decided to try and slip in allegations by describing them as a supplement to a previously filed complaint. But his supplement is simply an amended complaint by another name. The supplement must be struck because Mr. Hofland must first obtain permission from the Court before filing such a document and he has not done so, and because the supplement

5

is nothing more than a restatement of the Fourth Amended Complaint, which the Magistrate Judge has recommended that the Court reject. The Supplement is procedurally defective and substantively deficient and the Court STRIKES Supplement 2 with Clarification to Amended Complaint IV (Docket # 90).

II. **RECOMMENDED DECISION**

The United States Magistrate Judge filed with the Court on June 21, 2011 her Recommended Decision (Docket # 76). Mr. Hofland filed his objections to the Recommended Decision on August 9, 2011 (Docket # 82), his memorandum of law in support of his objections on October 14, 2011 (Docket # 89), and his clarification to that memorandum on October 21, 2011 (Docket # 91). The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. The Court concurs with the recommendation of the United States Magistrate Judge for the reasons set forth in her Recommended Decision.

1. The Court AFFIRMS the Recommended Decision of the Magistrate Judge (Docket # 76);

2. The Court DISMISSES Plaintiff's Complaint (Docket # 1) and Amended Complaint (Docket # 7);

3. The COURT AFFIRMS the Magistrate Judge's denial of the Plaintiff's motion to amend the Complaint to include the allegations set forth in his Amended Complaint IV (Docket # 75).

## III. *Cok* ORDER

In her Recommended Decision, the Magistrate Judge observed that "this may be a moment for firm filing limitations against this litigant." *Recommended Decision* at 19. The Court agrees. Updating the Court's prior description of Mr. Hofland's vexatious pattern of litigation, the Court notes that this case is one of seven lawsuits Mr. Hofland filed in federal court during the year 2009 and one in 2011 against a slew of defendants alleging a host of wrongs. In five cases, the Court ruled against Mr. Hofland and entered judgment against him, and the Court of Appeals for the First Circuit has upheld its dismissals. *Hofland v. Governor*, Civil Action Docket No. 09-cv-162, *J.* (Docket # 43) (summarily affirming judgment of dismissal entered by the district court on January 13, 2010); *Hofland v. Perkins*, Civil Action Docket No. 09-cv-201, *J.* (Docket # 38) (same); *Hofland v. Ross*, Civil Action Docket No. 09-cv-173, *J.* (Docket # 52) (summarily affirming the judgment of the district court on January 13, 2010); *Hofland v. Westrum*, Civil Action Docket No. 09-cv-218, *J.* (Docket # 37) (same); *Hofland v. Thompson*, Civil Action Docket No. 09-cv-174, *J.* (Docket # 83) (summarily affirming the judgment of dismissal entered by the district court on December 17, 2009 and the district court order denying Mr. Hofland's Rule 60(b) motion). In one case, the Court entered judgment and Mr. Hofland did not appeal. *Hofland v. Story*, Civil Action Docket No. 09-cv-343-JAW, *J.* (Docket # 17). In a seventh case, *Hofland v. LaHaye*, Civil Action Docket No. 11-cv-53-JAW, the Court entered Judgment against Mr. Hofland on May

26, 2011 and the case is now before the Court of Appeals for the First Circuit. *J.* (Docket # 26); *Notice of Appeal* (Docket # 30).

This is the last case. With this Order, the Court enters Judgment against Mr. Hofland. Mr. Holfland's conduct in this and other cases reveals him to be an abusive and frivolous litigant and the Court concludes that he merits filing restrictions under *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993). Mr. Hofland's pleadings are prolix and contentious nonsense. He sees conspiracies great and small in the actions of anyone he believes has wronged him. He attempts to sue all manner of people from government officials to his fellow citizens. He files multiple lawsuits, all meritless. He writes verbose and confusing pleadings filled with citations to irrelevant case law. He refuses to accept court rulings: if ruled against, he files motions to recuse, accusing judges of bias; he files motions to reconsider; and he repeatedly files the same motion, even though his request has been denied. He stalls, delays, and hinders the resolution of his case by innumerable motions to extend and stay. He fails to attempt to tailor his efforts to the rulings of the Court.

The United States Constitution created the federal courts to resolve meritorious and significant matters. To devote untold judicial energy and resources to Mr. Hofland's private and obscure vendettas is a profound waste of this Court's limited time and the taxpayers' hard earned money.

On March 11, 2011, the United States Magistrate Judge gave Mr. Hofland a *Cok* warning in a companion case in which he sued Richard LaHaye. In *Hofland v.*

8

*LaHaye*, No. 1:11-cv-53-JAW, 2011 U.S. Dist. LEXIS 29429, at *5 (D. Me. Mar. 18, 2011), she issued a *Cok* warning to Mr. Hofland that "repeated filings could result in the imposition of filing restrictions." Mr. Hofland's actions in this case since March 18, 2011 merit the imposition of the following filing restrictions:

Before any similar filings by Randall B. Hofland may be docketed in this Court, the Clerk is directed to bring the lawsuit to this Judge's attention. If the lawsuit involves a dispute arising out of the events leading up to his arrest on October 31, 2008, the Court hereby ENJOINS Mr. Hofland from filing such lawsuit without prior leave of the Court. Furthermore, before Mr. Hofland is allowed to docket any motion in this or other pending lawsuit, the Clerk is directed to bring the proposed filing to this Judge's attention. If the motion is frivolous or vexatious, the Court will direct the Clerk not to docket the filing.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2011