UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RANDALL B. HOFLAND,            )
                              )
            Plaintiff,        )
                              )
       v.                     )            1:09-cv-00172-JAW
                              )
RICHARD LAHAYE, et al.,       )
                              )
            Defendants.       )

## ORDER ON RECOMMENDED DECISIONS

Randall B. Hofland's multiple claims and prolific filings make the orderly disposition of his cases challenging. This case is a prime example. On May 4, 2009, Mr. Hofland filed a complaint against Richard LaHaye, the Searsport Police, and the town of Searsport alleging they violated his rights by engaging in a long course of harassment depriving him of access to his property. *Compl.* (Docket # 1). On May 21, 2009, Mr. Hofland filed an amended complaint, seeking to name six new defendants. *Am. Compl.* (Docket # 7).

On June 4, 2009, the Magistrate Judge granted Mr. Hofland's motion to stay his case pending resolution of state criminal charges. *Order Reconsidering and Granting Mot. to Stay* (Docket # 14). On December 1, 2009, Mr. Hofland moved to lift the stay and filed his first motion to amend his Amended Complaint. *Mot. for Order Lifting Stay and Proceeding with Action* (Docket # 29); *Mot. to Amend Am. Compl.* (Docket # 30). On the same day, the Magistrate Judge lifted the stay only to allow him to file a proposed amended complaint. *Order* (Docket # 32). On

December 8, 2009, Mr. Hofland moved a second time to amend his Amended Complaint and filed a proposed Third Amended Complaint,[1] seeking to increase the number of defendants to forty-one. Pro Se *Mot. to Amend Am. Compl.* Attach. 1 (Docket # 33). The Magistrate Judge screened the proposed third complaint and denied his motion to amend. *Order on Mot. to Compel and Mot. to Amend* (Docket # 35). On January 14, 2010, over Mr. Hofland's objection, the Court affirmed the Magistrate Judge's Order. *Order on Appeal of the Magistrate Judge's Order Denying Pl.'s Mot. to Amend and Mot. to Compel* (Docket # 40).

On January 20, 2010, Mr. Hofland filed a third motion to amend the complaint. Pro Se *Mot. to Amend Am. Compl.* (Docket # 41). On January 20, 2010, the Magistrate Judge denied this motion because Mr. Hofland failed to file a proposed amended complaint. *Order* (Docket # 43).

On November 1, 2010, Mr. Hofland filed a fourth motion to amend his complaint, naming twenty-six defendants. Pro Se *Mot. to Amend Am. Compl.* (Docket # 53). On November 4, 2010, the Magistrate Judge denied the motion to amend the complaint ruling that it did not state a plausible claim for relief. *Order Denying Mot. to Amend and Mot. to Recuse Magistrate Judge* (Docket # 55). On December 2, 2010, the Court affirmed the denial of his motion to amend, again over Mr. Hofland's objection. *Order* (Docket # 62).

---

[1] Although this is only the second amended complaint, it is really the third version of Mr. Hofland's filed complaints. The Court refers to it as the Third Amended Complaint in an effort to be consistent with the docket and with Mr. Hofland's later numbering of Amended Complaints IV and V.

On March 18, 2011, the Magistrate Judge allowed Mr. Hofland until May 2, 2011 to file an amended complaint but imposed strict standards the amended complaint had to meet. *Procedural Order* (Docket # 65). On March 24, 2011, she extended that date to May 23, 2011. *Order* (Docket # 69). Mr. Hofland proposed a Fourth Amended Complaint on May 24, 2011, *Am. Compl. IV* (Docket # 75), and on June 21, 2011, the Magistrate Judge issued a twenty-page Recommended Decision in which she performed a 28 U.S.C. § 1915 screening, carefully reviewing Mr. Hofland's allegations and recommending that the Court reject his motion to amend the Complaint, dismiss his pending amended complaint, and issue a *Cok*[2] warning against frivolous filings. *Recommended Decision* (Docket # 76) (*Recommended Decision I*).

In response, Mr. Hofland moved to extend the time within which to file objections to the Recommended Decision. Pro Se *Mot. to Extend Time* (Docket # 77). The Magistrate Judge extended the time for objections to August 8, 2011. *Order* (Docket # 78). On July 29, 2011, Mr. Hofland filed a motion to appoint counsel and a motion to stay. *Mot. to Appoint Counsel* (Docket # 79); *Mot. to Stay* (Docket # 80). On August 2, 2011, the Magistrate Judge denied both motions. *Order* (Docket # 81). On August 9, 2011, Mr. Hofland filed objections to the June 21, 2011 Recommended Decision. *Objection to Report and Recommended Decision* (Docket # 82). He also moved to extend the time to file a memorandum in support of his objections. *Mot. to Extend Time to File Mem. in Support of Objection to Recommended Decision* (Docket # 83). On August 10, 2011, the Court granted the motion to extend, giving Mr.

[2] *See Cok v. Family Court of R.I.*, 985 F.2d 32, 35 (1st Cir. 1993).

Hofland until September 12, 2011 to file his memorandum. *Order* (Docket # 84). Mr. Hofland filed another motion to stay on September 12, 2011, *Mot. to Stay* (Docket # 85), and the next day the Magistrate Judge granted the motion to stay in part and denied it in part, allowing Mr. Hofland until October 14, 2011 to file his memorandum. *Order* (Docket # 86). Mr. Hofland filed another motion to extend time on September 13, 2011, which the Magistrate Judge denied because she had stayed the case until October 14, 2011. *Mot. to Extend Time* (Docket # 87); *Order* (Docket # 88). Mr. Hofland finally filed his memorandum in support of his objections to the Recommended Decision on October 14, 2011. *Objection to Report and Recommended Decision* (Docket # 89).

On November 10, 2011, the Court issued an Order striking Mr. Hofland's fourth supplementary pleading, affirming the Magistrate Judge's Recommended Decision, and issuing a *Cok* warning. *Order Striking Pleading, Affirming Report and Recommended Decision and Enjoining Filings* (Docket # 92). Later that day, the Order was reduced to Judgment. *J.* (Docket # 98). However, on November 15, 2011, the Court received documents dated November 10, 2011 that indicated Mr. Hofland had mailed a newly proposed, most recent complaint before he physically received the Order the Court had issued on November 10, 2011. *Mot. to Supplement* (Docket # 94). Accordingly, on November 21, 2011, the Court vacated its November 10, 2011 Order. *Order Vacating Order and Setting Aside J.* (Docket # 95).

One of the documents received on November 15, 2011 was Mr. Hofland's proposed Fifth Amended Complaint. *Mot. to Supplement* Attach. 1 (*Proposed Am.*

*Compl. V*).   Perhaps in an effort to be overly fair to Mr. Hofland, the Court concluded that his fifth attempt to state a cause of action should be screened and referred the newly filed Fifth Amended Complaint to the Magistrate Judge for screening.   *Order Vacating Order and Setting Aside J.* at 2.   Mr. Hofland's fifth attempt did not impress the Magistrate Judge.   On December 8, 2011, she issued yet another Recommended Decision—this time eleven pages, reviewing again in detail the history of this case and concluding that the Court "should not allow this conduct to continue and should dismiss this action from the docket in its entirety." *Recommended Decision II* at 11 (Docket # 96) (*Recommended Decision II*). Objections to her Recommended Decision were due December 27, 2011.   *Id.*   On December 15, 2011, Mr. Hofland filed a motion to extend time, which the Magistrate Judge denied the following day.   *Mot. to Extend Time to File an Objection* (Docket # 97) (*Pl.'s Mot. to Extend Time*); *Order* (Docket # 98).   On December 27, 2011, Mr. Hofland appealed the denial of his motion to extend time, *Appeal of Magistrate Judge Decision to District Ct.* (Docket # 99); the Court denied the appeal on December 28, 2011.   *Order* (Docket # 100).

On January 13, 2012, Mr. Hofland filed two additional documents: (1) a motion for leave to file late pursuant to Rule 60(b) and (2) an objection to the Recommended Decision II.   *Mot. for Leave to File Late Pursuant to Rule 60(b)* (Docket # 101) (*Pl.'s Mot. to File Late*); *Objection to Recommended Decision II* (Docket # 102) (*Pl.'s Objection to Recommended Decision II*).   In his Motion for Leave to File Late, he asks that the Court vacate its prior order denying his motion

to extend time and he moves to extend the time to file a memorandum to support his position. *Pl.'s Mot. to File Late* at 1. In this motion, Mr. Hofland does not mention a specific time within which he would like to file his motion, but his contemporaneous filing presents twenty pages of argument setting forth his objections to the Magistrate Judge's December 8, 2011 Recommended Decision. *Id.* at 1-4; *Pl.'s Objection to Recommended Decision II* at 1-20.

The case status now is as follows: Mr. Hofland objected to the Magistrate Judge's June 21, 2011 Recommended Decision I; he objected late to the Magistrate Judge's Recommended Decision dated December 8, 2011. In addition to his late objection to the Recommended Decision II, he has now requested more time to file. The Court turns to whether it should accept Mr. Hofland's most recent late filings.

The Court DENIES Randall B. Hofland's Motion for Leave to File Late. The Magistrate Judge issued her Recommended Decision II on December 8, 2011, and on December 15, 2011, Mr. Hofland moved to extend time to object. In his December 15, 2011 motion, Mr. Hofland announced that he "now has access to personal copies of the <u>Prisoners' Self-Help Litigation Guide</u> (4th ed., 2010), <u>Georgetown Law Journal Annual Review of Criminal Procedure</u> (40th ed., 2011), plus Westlaw digital law library resources—all gained within past ten days." *Pl.'s Mot. to Extend Time* at 1. Under the original schedule, Mr. Hofland had until December 27, 2011 to file his objections to the December 8, 2011 Recommended Decision II and he gave no good reason for why—particularly in view of his

proclaimed access to legal research materials—he should not have been able to file his objections within the original time.

On December 16, 2011, the Magistrate Judge denied that motion and on December 27, 2011, Mr. Hofland appealed the denial. On December 28, 2011, this Court denied Mr. Hofland's appeal from the Magistrate Judge's December 16, 2011 Order denying his motion for an extension. Mr. Hofland's January 13, 2012 Motion for Leave to File Late is thus an attempted end-run around the Court's earlier orders, denying his Motion to Extend Time. Furthermore, on December 15, 2011, Mr. Hofland provided no proper basis for his requested extension and he gives none now. Although he claims a lack of access to legal resources, he contradicted this claim in his December 15, 2011 filing in which he acknowledged access to learned journals and Westlaw. Furthermore, each wave of Mr. Hofland's innumerable filings in this and other cases is accompanied by prolific citations to caselaw. The Court has concluded that what prevents Mr. Hofland from presenting a successful argument in this case is not a lack of access to a law library; it is a fundamental lack of merit in his case.

Regarding his twenty-page objection to the Magistrate Judge's December 8, 2011 Recommended Decision, the Court STRIKES Mr. Hofland's Objection. As the Magistrate Judge's Recommended Decision II made clear, Mr. Hofland had to file an objection to that decision within fourteen days of being served with a copy. *Recommended Decision II* at 11. In his December 15, 2011 Motion to Extend Time, Mr. Hofland himself acknowledged receipt of the decision and demonstrated that he

was capable of timely filings. *Pl.'s Mot. to Extend Time* at 1. Although he filed an objection to the denial of his motion for an extension, he did nothing about objecting to the Recommended Decision II itself until January 13, 2012, weeks after the due date had expired. Mr. Hofland has offered no legitimate reason for his failure to comply with the Court's deadlines. The Court adds that having reviewed the contents of Mr. Hofland's January 13, 2011 objection, there is nothing whatsoever in the objection that would cause the Court to reassess its conclusion that Mr. Hofland's Fifth Amended Complaint is meritless and that, if the filing were allowed, it would be subject to immediate dismissal.

Turning now to the June 21, 2011 Recommended Decision I and the December 8, 2011 Recommended Decision II, the Court has reviewed and considered the Magistrate Judge's Recommended Decisions, together with the entire record, and has made *de novo* determinations of all matters adjudicated by the Magistrate Judge's Recommended Decisions. The Court concurs with the recommendation of the United States Magistrate Judge for the reasons set forth in her Recommended Decisions.

1. The Court ORDERS that the Complaint (Docket # 1) and the Amended Complaint (Docket # 7) be DISMISSED with prejudice;

2. The Court AFFIRMS the Magistrate Judge's denial of the Randall B. Hofland's motion to amend the Complaint to include the allegations set forth in his Amended Complaint IV (Docket # 75);

3. The Court AFFIRMS the Recommended Decision I of the Magistrate Judge (Docket # 76);

4. The Court DENIES Randall B. Hofland's Motion to Amend the Complaint to include the allegations set forth in his Amended Complaint V (Docket # 94);

5. The Court AFFIRMS the Recommended Decision II of the Magistrate Judge (Docket # 96);

6. The Court DENIES Randall B. Hofland's Motion for Leave to File Late Pursuant to Rule 60(b) (Docket # 101);

7. The Court STRIKES Randall B. Hofland's Objection to Recommended Decision II (Docket # 102).

Finally, the Court addresses filing restrictions under *Cok*. The Court takes notice of Mr. Hofland's multiple filings in this District. *See Hofland v. Governor*, 09-cv-162-JAW, *Hofland v. LaHaye*, 09-cv-172-JAW, *Hofland v. Ross*, 09-cv-173-JAW, *Hofland v. Thompson*, 09-cv-174-JAW, *Hofland v. Perkins*, 09-cv-201-JAW, *Hofland v. Westrum*, 09-cv-218-JAW, *Hofland v. Storey*, 09-cv-343-JAW, *Hofland v. LaHaye*, 11-cv-53-JAW. In none of his claims has Mr. Hofland stated a viable cause of action. Indeed, in addressing *Hofland v. Cyr*, 10-1880, Doc. 00116167105 (1st Cir. Feb. 4, 2011), the First Circuit stated "that this is the sixth appeal that Hofland has recently pursued, each of which has been summarily affirmed. In light of this prior litigation, we warn Hofland that any future frivolous appeal may be subject to sanctions."

In this case, after exhaustively reviewing the allegations in the fourth and fifth proposed complaints, the Magistrate Judge concluded they were meritless and recommended that the Court impose filing limitations against Mr. Hofland. *Recommended Decision I* at 19; *Recommended Decision II* at 1 (describing the fifth version as "untimely, unsolicited, and inexplicable").

This latest series of filings is especially egregious. On March 18, 2011, the Magistrate Judge issued a Procedural Order, which stipulated that any new complaint must: (1) name no more than twelve defendants; (2) be no longer than twenty pages; (3) be one unified document that does not reference other complaints or attempt to incorporate allegations in other pleadings; and (4) be filed by May 2, 2011 (later extended to May 23, 2011). *Procedural Order* at 2-3. In his Fifth Amended Complaint, the only stricture Mr. Hofland obeyed was the page limit; otherwise, Mr. Hofland violated each of the Magistrate Judge's directives: (1) he named twenty-eight potential defendants; (2) he referred to other complaints and pleadings; and (3) he filed the complaint without permission on November 15, 2011. *Proposed Am. Compl. V.* As the Magistrate Judge pointed out in the Recommended Decision, Mr. Hofland proposes to sue all manner of state and private actors, ranging from judges, a district attorney, an assistant district attorney, a town police chief, state troopers, a private insurance defense lawyer, the Bangor Daily News, the Republican Journal, VillageSoup.com, and private individuals, all of whom he claims were engaged in a vast conspiracy to undermine his civil rights and thus to violate the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.

§§ 1961 *et seq.* and the Civil Rights Act of 1871, 42 U.S.C. § 1983. *Recommended Decision II* at 3-4.

In his January 13, 2012 Motion for Leave to File Late, he accuses the Magistrate Judge and this Court of "an obvious pattern of prejudice," *Pl.'s Mot. to File Late* at 2, and in his January 13, 2012 objection, he seeks to justify his frivolous attempt to file suit against a slew of potential defendants by insisting that he should be entitled to sue newspapers, police officers, courts, and a host of others to prove that they engaged in a vast conspiracy against him. *Pl.'s Objection to Recommended Decision II* at 2-6.

Enough is enough. The federal courts are not the place for Mr. Hofland to play out his bizarre conspiracy theories and meritless private vendettas. The work of the Court is serious business and parties with meritorious claims must wait while the judges of this District expend untold hours unraveling the procedural tangles Mr. Hofland has wrought by his relentless and frivolous filings. Mr. Hofland has repeatedly demonstrated that he is incapable of obeying the simplest and most direct of court orders. This must stop. The Court has previously and repeatedly warned Mr. Hofland against such conduct. *Hofland v. LaHaye*, No. 1:11-cv-00053-JAW, 2011 U.S. Dist. LEXIS 29429, at *4-5 (D. Me. Mar. 18, 2011); *Hofland v. Governor*, No. CV-09-162-B-W, 2010 U.S. Dist. LEXIS 15542, at *1-3 (D. Me. Feb. 22, 2010); *Hofland v. Ross*, No. CV-09-173-B-W, 2009 U.S. Dist. LEXIS 66820, at *2 (D. Me. Jun. 2, 2009); *Hofland v. LaHaye*, Nos. 9-172-B-W, 9-174-B-W, 9-162-B-W, 9-173-B-W, 2009 U.S. Dist. LEXIS 39481, at *3-4 (D. Me. May 6, 2009).

Yet Mr. Hofland has disobeyed the Court's earlier cautionary orders under *Cok*. *See Cok v. Family Court of R.I.*, 985 F.2d 32, 35 (1st Cir. 1993) (requiring the Court to warn any litigant before restricting the litigant's ability to file).

The Court therefore orders:

Except for filings, if any, challenging this Order, the Court prohibits any further filings by Randall B. Hofland without prior permission from this Court. If Mr. Hofland wishes to file any other pleadings in this Court, including new lawsuits, he must file a motion for leave to file the specific pleading. In the motion for leave, Mr. Hofland must explain the type of pleading he seeks to file, he must attach the proposed pleading to the motion, and the motion for leave to file must not exceed three pages. A judge shall review the proposed pleading and the motion for leave to file and will determine whether such a pleading shall be allowed. In the absence of a court order allowing a pleading, the Court directs the Clerk not to accept Mr. Hofland's filings and to instead return them to him immediately. *See Chadbrown v. Coles*, Nos. 2:11-cv-00145-GZS, 2:11-cv-00219-GZS, 2011 U.S. Dist. LEXIS 127913, 3-4 (D. Me. Nov. 2, 2011).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 18th day of January, 2012