UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL B. HOFLAND, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:09-cv-00172-JAW |
| | ) |
| RICHARD LAHAYE, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION RE: MOTION FOR LEAVE TO FILE MOTION TO VACATE JUDGMENT OF DISMISSAL**

In this and three other cases Hofland has filed motions seeking leave to file what he calls "Motion to Vacate Judgment of Dismissal (Rule 60(b))." Hofland has been under a judicially imposed filing restriction in this Court for some time now.

> Except for filings, if any, challenging this Order, the Court prohibits any further filings by Randall B. Hofland without prior permission from this Court. If Mr. Hofland wishes to file any other pleadings in this Court, including new lawsuits, he must file a motion for leave to file the specific pleading. In the motion for leave, Mr. Hofland must explain the type of pleading he seeks to file, he must attach the proposed pleading to the motion, and the motion for leave to file must not exceed three pages. A judge shall review the proposed pleading and the motion for leave to file and will determine whether such a pleading shall be allowed. In the absence of a court order allowing a pleading, the Court directs the Clerk not to accept Mr. Hofland's filings and to instead return them to him immediately. See Chadbrown v. Coles, Nos. 2:11-cv-00145-GZS, 2:11-cv-00219-GZS, 2011 U.S. Dist. LEXIS 127913, 3-4 (D. Me. Nov. 2, 2011).

Hofland v. LaHaye, 1:09-cv-00172-JAW, ECF No. 103, entered January 18, 2012, Woodcock, C.J.

This pleading is obviously Hofland's attempt to comply with the filing restriction requirement and obtain leave of court to file this specific pleading.

This particular lawsuit was closed in this Court on January 18, 2012, and an appeal remains pending in the First Circuit. Hofland wants to reopen this case because he claims he has established that the "Maine justice system" is a huge RICO enterprise pursuant to federal law.

A large portion of this pleading discusses the merits of the other three motions he has attempted to simultaneously file in three other closed cases, but as with the motion for leave to file in those other cases, there is no revelation as to exactly what his new evidence might be or any logical explanation of how it would relate to this lawsuit, which was initially a complaint about an illegal search seizure in Searsport, Maine, by law enforcement personnel.  He does not explain what the new evidence is.  He moves to vacate the final judgment of dismissal.  I would recommend that he be denied leave to file this frivolous pleading.  However, Hofland's appeal is still pending in the First Circuit Court of Appeals, and therefore this Court is without jurisdiction to entertain the underlying motion in any event, even if entered on the docket, absent extraordinary circumstances.  I now direct the clerk to docket this recommendation and attach to it a copy of the proposed pleading in order to give the reviewing court an opportunity to determine if the pleading should be docketed under Rule 62.1 of the Federal Rules of Civil Procedure in order to proceed under Federal Rule of Appellate Procedure 12.1 if the district court believes it would grant the underlying motion for relief or that the motion raises a substantial issue.  In the absence of such extraordinary circumstances, the motion could not be entertained by this Court in any event because it pertains to the judgment and Order which is currently under appeal.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

   Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 8, 2012          /s/ Margaret J. Kravchuk
                U.S. Magistrate Judge