UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL B. HOFLAND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD LAHAYE, et al., )<br>)<br>Defendants. ) | 1:09-cv-00172-JAW |

**ORDER STRIKING PLEADING AND AFFIRMING RECOMMENDED DECISION**

On May 4, 2009, Randall B. Hofland filed a complaint against Richard LaHaye, Chief of the Searsport, Maine Police Department, the Searsport Police and the town of Searsport, alleging that they harassed him and took his property. *Compl.* (ECF No. 1). On May 21, 2009, Mr. Hofland filed an amended complaint, seeking to name six other individuals on the ground that they were part of the same conspiracy. *Am. Compl.* (ECF No. 7). Mr. Hofland set in motion a complicated cascade of motions and orders, which the Court reviewed in detail in its Order on Recommended Decisions dated January 18, 2012. *Order on Recommended Decisions* (ECF No. 103). In its January 18, 2012 Order, the Court dismissed with prejudice, the Complaint and Amended Complaint and imposed filing restrictions against Mr. Hofland. *Id.* at 11-12. Mr. Hofland appealed the dismissal to the Court of Appeals for the First Circuit. *Notice of Appeal* (ECF No. 108). On August 14, 2012, the First Circuit issued a Judgment, affirming this Court's dismissal. *J.* (ECF No. 125).

While his appeal was pending, Mr. Hofland filed in this and three other cases what he calls a Motion to Vacate Judgment of Dismissal (Rule 60(b)).  Mr. Hofland is currently under judicial filing restrictions and therefore before his proposed motion was docketed, it was subject to judicial screening.  In accordance with the judicial filing restriction, the magistrate judge reviewed Mr. Hofland's proposed pleading to determine whether it should be filed and on June 8, 2012, she recommended that the Court decline to docket the pleading because the case was on appeal and the district court was without jurisdiction to rule on the motion, absent extraordinary circumstances not present here, and because the proposed pleading was frivolous.  *Recommended Decision Re: Mot. for Leave to File Mot. to Vacate J. of Dismissal* (ECF No. 120).

On July 19, 2012, the Court affirmed the Recommended Decision, but as things tend to go in Mr. Hofland's cases, there was a complication.  Mr. Hofland filed an objection to the Recommended Decision on the same day and just after the affirmance was filed.  *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 121); *Objection to Report and Recommended Decision* (ECF No. 122).  On July 20, 2012, he moved to extend the time to file a memorandum in support of his objection to the Recommended Decision.  *Mot. to Extend Time to File Mem.* (ECF No. 123).  Because Mr. Hofland's objection and motion to extend came on the heels of the Court's affirmance, the Court vacated its affirmance on July 26, 2012 and granted Mr. Hofland additional time to file his memorandum, allowing

2

him until August 21, 2012 to file his memorandum. *Order Vacating Order Affirming Recommended Decision and Granting Mot. to Extend Time* (ECF No. 124).

Meanwhile, Mr. Hofland's appeal proceeded in the appellate court and on August 14, 2012, the First Circuit issued its affirmance of the dismissal of his claim and on September 13, 2012, the First Circuit issued its Mandate, returning jurisdiction to this Court. *Mandate* (ECF No. 128).

Now that jurisdiction has returned to this Court, the Court reviewed the Recommended Decision and notes that the primary basis for the Magistrate Judge's recommendation—the fact that the Court had no jurisdiction—has been eclipsed by action of the First Circuit. Nevertheless, the Magistrate Judge also observed that if the Court had jurisdiction, she "would recommend that [Mr. Hofland] be denied leave to file this frivolous pleading." *Recommended Decision* at 2. Mr. Hofland's multiple lawsuits have centered on a supposed grand RICO conspiracy among innumerable individuals—including judges and clerks in the state and federal courts—who have purportedly ganged up against Mr. Hofland to deprive him of his rights. The proposed Motion to Vacate Judgment of Dismissal is more of the same. As this Court warned Mr. Hofland on January 18, 2012, the "federal courts are not the place for [him] to play out his bizarre conspiracy theories and meritless private vendettas." *Order on Recommended Decisions* at 11. Mr. Hofland's proposed motion is patently frivolous and the Court refuses to accept it for filing.

The United States Magistrate Judge filed with the Court on June 8, 2012 her Recommended Decision (ECF No. 120). Mr. Hofland filed his objections to the

Recommended Decision on July 19, 2012 (ECF No. 122), and his memorandum of law in support of his objections on August 24, 2012 (ECF No. 127). The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. The Court concurs with the recommendation of the United States Magistrate Judge for one of the reasons set forth in her Recommended Decision, namely that the proposed pleading is frivolous, and for the reasons set forth herein.

1. The Court AFFIRMS the Recommended Decision of the Magistrate Judge (ECF No. 120);

2. The Court directs the Clerk not to docket Randall B. Hofland's Motion for Leave to File Motion to Vacate Judgment of Dismissal (Rule 60(b)) because it violates the Court's January 12, 2012 Order, imposing filing restrictions on Mr. Hofland.

SO ORDERED.

                                             /s/ John A. Woodcock, Jr.
                                           JOHN A. WOODCOCK, JR.
                                           CHIEF UNITED STATES DISTRICT JUDGE

Dated this 28th day of September, 2012